**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN EGGERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10CV01794 AGF |
| | ) | |
| MHP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 22) of Defendant MHP, Inc., to compel Plaintiff Kathleen Eggering to produce certain tax forms and medical records. For the reasons set forth below, the motion shall be granted in its entirety.

**BACKGROUND**

In this employment discrimination action, Plaintiff asserts that she was discharged by Defendant on August 6, 2009, based upon her age and Defendant's perception that she was disabled. She asserts that this resulted in lost wages, embarrassment, humiliation, and physical and emotional distress, for which she seeks actual and punitive damages.

In response to discovery requests, Plaintiff has produced copies of her W-2 and 1099 tax forms for tax years 2009 and 2010, and copies of her invoices from her consulting business for 2009 and 2010, which Plaintiff asserts represent her only income from employment since her discharge. Defendant now seeks an order compelling Plaintiff to produce copies of her federal and state tax returns, W-2 forms, and 1099

forms for tax years 2006 through 2008. The tax returns sought were filed by Plaintiff jointly with her husband. Defendant asserts that these documents are needed in order to properly assess Plaintiff's damages and mitigation attempts. Defendant states that it would be agreeable to stipulating to a reasonable protective order limiting the use of the tax documents to this action.

Defendant also seeks an order compelling Plaintiff to produce information and documents regarding any treatment she received for emotional distress prior to her discharge. Plaintiff has informed Defendant that she did not seek any treatment for emotional distress after her discharge, and objected to the discovery requests regarding treatment for the same prior to her discharge, on the basis of doctor-patient privilege. Defendant argues that Plaintiff has put into issue her medical condition by seeking emotional distress damages, and therefore, records related to that condition are discoverable. Plaintiff responds that as her claim is for "garden variety emotional distress," and she will not call any medical care provider as an expert on the issue of emotional distress, the doctor-patient privilege has not been waived as to the documents sought and the records are not discoverable.

## DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to obtain discovery regarding any matter, not privileged, which is "relevant to the subject matter involved in the pending action." At the discovery stage of the litigation, the evidence sought need only be relevant, and "need not be admissible at the trial if the

information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

**Tax Documents**

There is some split of authority regarding the standard to be applied in determining the discoverability of tax returns. Some courts utilize a two-prong test pursuant to which the court determines (1) whether the tax return is relevant to the subject matter in dispute; and (2) whether a compelling need exists for the return, because the information sought is not obtainable from other sources. While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information. Other courts have held that the sole inquiry governing discovery of tax returns is whether the information contained in the return is relevant. *PSK, L.L.C. v. Hicklin,* L 2710507, 1 -2 (N.D. Iowa July 8, 2010); *Sowers v. Gatehouse Media Mo. Holdings*, No. 4:08-cv-633-TIA, 2009 WL 1106946, at *1 (E.D. Mo. April 23, 2009) (noting that "most courts apply [the] two-part test); *EEOC v. Ceridian Corp.*, 610 F. Supp. 2d 995, 997 (D. Minn. 2008) ("[A] a preponderance of authorities set out a two-part standard for deciding whether tax returns should be disclosed").

Here, it is clear that the tax returns sought are relevant. *See Sowers* (ordering the plaintiff in a discriminatory termination action claiming lost wages and benefits to produce her state and federal income tax returns for four years, with supporting schedules and W2's) (citing *EEOC v. Chemsico, Inc.*, 203 F.R.D. 432, 434 (E.D. Mo. Oct. 5, 2001)

(ordering, in a discriminatory termination case, the production of the discharged employee's tax returns for the three years preceding the termination and one year after)). Even applying the two-prong test, Plaintiff has not met her burden of showing that the information in the tax returns is readily obtainable from records previously disclosed. *Cf. PSK, L.L.C.*, 2010 WL 2710507, at *2 (holding that the plaintiff met its burden by producing detailed spreadsheets showing monthly revenues broken down by business segment, balance sheets showing assets and liabilities, and income statements showing revenue, expenses, and production costs). Accordingly, this aspect of Defendant's motion to compel shall be granted.

**<u>Medical Information and Documents</u>**

As noted above, Plaintiff argues that information and documents related to treatment she may have received for emotional distress prior to her termination are not discoverable because her case involves a claim for only "garden variety emotional distress,"[1] and she will not be relying on any medical expert testimony on the matter.

The Court believes that the materials sought may become relevant to establish, depending on the evidence Plaintiff presents at trial to support a claim for emotional distress damages, that there were causes other than her termination that caused her emotional distress. *EEOC v. CA Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal.

---

[1] The phrase "garden variety emotional distress" is used to describe "ordinary and commonplace emotional distress" that is "simple or usual," as compared to complex distress resulting in a specific psychiatric disorder. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Ca. 2003).

2009) ("Defendant should be able to determine whether Plaintiff's emotional state may have been effected by something other than Defendant's alleged actions."); *Doverspike v. Chang O'Hara's Bistro, Inc.*, No. 03–5601 ADM/AJB; 2004 WL 5852443, at *3 (D. Minn. July 13, 2004) ("Defendants have a right to determine whether [Plaintiffs] have relevant medical history that indicates their emotional distress was caused in part by events and circumstances independent of defendants' conduct."); *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 136 (E.D. Pa. 2001) (same). In sum, the Court concludes that the records sought are relevant to the case, and could lead to the discovery of admissible evidence. Whether Defendant will ultimately be permitted to use any such evidence at trial will be subject to later determination.

Lastly, Defendant is entitled to possible additional documents related to Plaintiff's efforts to mitigate her damages, as noted in Defendant's memorandum in support of its motion to compel.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel is **GRANTED** in its entirety. Plaintiff is directed to produce the materials in question within ten days of date of this Memorandum and Order. The materials may be produced subject to a

protective order, and if Plaintiff desires such a protective order, the parties are directed to confer and attempt to reach an agreement on the terms of such an order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2011.